**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **FLAVA' CAP LLC,**<br><br>   Plaintiff,<br><br>   v.<br><br>**ANCESTRY.COM LLC and ANCESTRY.COM DNA, LLC**<br><br>   Defendants. | CIVIL ACTION NO<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1. This is an action for patent infringement in which Flava' Cap LLC makes the following allegations against Ancestry.com LLC and Ancestry.com DNA, LLC.

**PARTIES**

2. Plaintiff Flava' Cap LLC ("Plaintiff" or "Flava' Cap") is an Arizona limited liability company with its principal place of business at 5900 E. Thomas Rd, #C201, Scottsdale, AZ 85251.

3. On information and belief, Defendant Ancestry.com LLC ("Ancestry.com") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1300 West Traverse Parkway, Lehi, UT 84043.

4. On information and belief, related Defendant Ancestry.com DNA, LLC ("Ancestry.com DNA") (collectively with Ancestry.com, "Defendants") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1300 West Traverse Parkway, Lehi, UT 84043.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants are Delaware limited liability companies, and, thus, Defendants reside in this District for purposes of venue.

7. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

## BACKGROUND

8. Years before Defendants ever used a mechanism for the collection of DNA that included a bottle cap closure with the ability to house and release liquid, Mr. Craig Valentine, President of Flava' Cap, began pursuing protection of his invention that combines a bottle cap closure with the ability to house and release liquid or powder formulations by utilizing a mechanism within the bottle cap. Mr. Valentine filed the first provisional patent application on his invention on December 20, 2006.

9. In 2008, still years before Defendants ever used a mechanism for the collection of DNA that included a bottle cap closure holding liquid, Flava' Cap was created to focus on the development of the bottle cap product invented by Mr. Valentine and to explore the market opportunity for Flava' Cap's (then) patent pending infusion cap technology.

10. Flava' Cap soon began working on prototypes of the patent pending invention. By 2010, Flava' Cap was able to build an injection molding tool to better test the design. Design process was made that advanced the cap design to the point where injection molded caps were molded and Flava' Cap began attempts to market the product and enter into licensing discussions for their innovative technology.

11. Flava' Cap won the Innovation of the Year Award 2011 from the UMKC Small Business Development Center – Kaufman Foundation. Marketing and licensing efforts continued concurrently with the growth of the business.

12. Flava' Cap has since spent years attempting to market or license the product, including discussions with many Fortune 500 and Fortune 100 companies, as well as working to optimize production and production costs.

13. To date, over 50 major companies from various sectors of industry have entered into discussions regarding sales or licensing with Flava' Cap concerning the now patented infusion cap technology.

14. Defendants, collectively, are the "global leader in family history and consumer genomics." On information and belief, the majority of Defendants' revenue comes from the sale of AncestryDNA "kits," which are sent to purchasing customers (regular price: $99/each) as a means of collecting a DNA sample to both bolster Defendants' world largest consumer DNA database, as well as to provide the consumer with genetic information that can be obtained from analyzing the DNA sample against the database.  The DNA is collected by having the consumer spit into a bottle, and then a bottle cap that houses "stabilizing fluid" is screwed onto the bottle. The bottle cap contains a reservoir opening element that pierces the reservoir when the cap is screwed onto the bottle, allowing the fluid to drop into the bottle, mixing with the saliva.  This insures the stabilizing fluid is only released into the bottle containing saliva when the bottle cap is securely screwed onto the bottle.

15. Silver Lake Partners purchased a stake in Defendants at a $2.6 **Billion** valuation in 2016.  http://fortune.com/2016/04/01/silver-lake-buys-into-ancestry-com-at-2-6-billion-valuation/

16. During the current fiscal year, Defendants expect $1 **Billion** in revenue. Plans for an IPO have been delayed, but are still pending. https://www.cnbc.com/2017/09/12/ancestry-com-ipo-delayed-ceo-tim-sullivan-steps-down.html; https://www.ancestry.com/corporate/newsroom/press-releases/ancestry-ceo-tim-sullivan-stepping-down

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 9,821,938**

17. Plaintiff is the owner of United States Patent No. 9,821,938 ("the '938 patent") entitled "Universal Closure Apparatus with Delivery System."  The '938 patent issued on Nov. 21, 2017.  The '938 patent claims priority at least to Provisional application No. 60/870,978, filed on Dec. 20, 2006.  A true and correct copy of the '938 Patent is attached as Exhibit A.

18. Defendants own, use, operate, advertise, control, sell, and otherwise provide products and/or services that infringe the '938 patent. The '938 patent provides, among other things, " A bottle cap capable of threadably engaging a bottle having a thread arrangement to

receive said bottle cap, said bottle cap comprising: a cylindrical member closed at a first end thereof and open at a second end thereof, said cylindrical member having each of a first predetermined length and a predetermined inside diameter; a threaded portion disposed on an inner surface of said cylindrical member, beginning adjacent said open end and extending inwardly a second predetermined length toward said closed end, to engage the thread arrangement of the bottle; a reservoir disposed inside said cylindrical member adjacent said closed end thereof to retain a substance therein to be dispensed into said bottle; and a reservoir opening element (i) engageable with said bottle cap, (ii) operable to abut an uppermost portion of the bottle, and (iii) operable to pierce said reservoir as said bottle cap is threaded onto the thread arrangement of the bottle thereby releasing the substance of said reservoir into the bottle; a retaining ring disposed within said cylindrical member to engage a portion of said reservoir opening element so that said reservoir opening element is secured within said cylindrical member, wherein, the uppermost portion of the bottle maintains said reservoir opening element in a fixed position relative to the bottle when said bottle cap is threaded onto the thread arrangement of the bottle."

19. Defendants directly and/or through intermediaries, made, have made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or services that infringed one or more claims of the '938 patent, including at least Claim 1, in this district and elsewhere in the United States. Particularly, Defendants' AncestryDNA kit comprises a bottle cap capable of threadably engaging a bottle having a thread arrangement to receive said bottle cap. By making, using, importing, offering for sale, and/or selling such products and services, and all like products and services, Defendant has injured Plaintiff and is thus liable for infringement of the '268 patent pursuant to 35 U.S.C. § 271.

20. Based on present information and belief, to the extent the preamble is a limitation on the claim, the AncestryDNA kit comprises a bottle cap capable of threadably engaging a bottle having a thread arrangement to receive said bottle cap.



(View looking down on AncestryDNA kit bottle cap)



(View looking at bottom of AncestryDNA Kit bottle cap)

   21. Based on present information and belief, the AncestryDNA Kit uses a cylindrical member closed at the first end thereof (top) and open at the second end thereof (bottom), said cylindrical member having each of a first predetermined length and a predetermined inside diameter.



(Viewed from side)


(Viewed from bottom)

22. Based on information and belief, AncestryDNA kit bottle cap has **a threaded portion** on an inner surface of said cylindrical member, beginning adjacent said open end and extending inwardly a second predetermined length toward said closed end, to engage the thread arrangement of the bottle.


(Viewed from bottom)



(Alternate Angle showing claimed threading, arrow pointing to the threaded portion)



(Angle showing the bottle cap and bottle, notably the threading arrangement of the bottle)

23.     Based on present information and belief, the AncestryDNA kit bottle cap comprises **a reservoir** inside the cylindrical member adjacent said closed end thereof to retain the "stabilizer fluid" to be dispensed into said bottle.



(Viewed from side)

(Arrow pointing to the reservoir)

24.     Based on present information and belief, the AncestryDNA Kit bottle cap comprises **a reservoir opening element** (i) engagement with said bottle cap, (ii) operable to abut an uppermost portion of the bottle, and (iii) operable to piece said reservoir as said bottle cap is threaded onto the thread arrangement of the bottle thereby releasing the substance of said reservoir into the bottle.





(Angle showing reservoir opening element, arrow pointing to reservoir opening element)



**Replace the funnel with the cap.**

Remove the funnel from the tube. Screw on the enclosed cap **tightly to release the solution** that will stabilize the DNA in your saliva.



**Tighten to release stabilizing fluid.**

You will know it works when the blue solution from the cap has emptied into the tube.

https://www.ancestry.com/dna/activate/instructions

25. Based on present information and belief, the AncestryDNA kit bottle cap comprises **a retaining ring** disposed within said cylindrical member to engage a portion of said reservoir opening element so that said reservoir opening element is secured within said cylindrical member.



(arrow pointing to the retaining ring)

26. Based on present information and belief, the uppermost portion of the AncestryDNA kit bottle maintains said reservoir opening element in a fixed position relative to the bottle when said bottle cap is threaded onto the thread arrangement of the bottle.



**Replace the funnel with the cap.**

Remove the funnel from the tube. Screw on the enclosed cap **tightly to release the solution** that will stabilize the DNA in your saliva.



**Tighten to release stabilizing fluid.**

You will know it works when the blue solution from the cap has emptied into the tube.

https://www.ancestry.com/dna/activate/instructions



27. In the alternative, because the manner of use by Defendants differ in no substantial way from language of the claims, if Defendants are not found to literally infringe, Defendants infringe under the doctrine of equivalents.

28. Defendants' aforesaid activities have been without authority and/or license from Plaintiff.

29. In addition to what is required for pleadings in patent cases, and to the extent any marking was required by 35 U.S.C. § 287, Plaintiff and all predecessors in interest to the '938 Patent complied with all marking requirements under 35 U.S.C. § 287.

30. Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law,

cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed the '938 Patent;

2. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '938 Patent as provided under 35 U.S.C. § 284;

3. An ordering for an accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award of damages to Plaintiff for any such acts;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**FLAVA' CAP LLC**

Dated: March 23, 2018          By: _/s/Stamatios Stamoulis_
                                                   Stamatios Stamoulis #4606
                                                   stamoulis@swdelaw.com
                                                 Richard C. Weinblatt #5080
                                                 weinblatt@swdelaw.com

                                               STAMOULIS & WEINBLATT LLC
                                               Two Fox Point Centre
                                               6 Denny Road, Suite 307
                                               Wilmington, DE 19809
                                               (302) 999-1540

                                               Papool S. Chaudhari
                                               (*Pro Hac Vice* application pending)
                                               Chaudhari Law, PLLC
                                               P.O. Box 1863

Wylie, Texas 75098
Phone: (214) 702-1150
Fax: (214) 705-3775
Papool@ChaudhariLaw.com

**ATTORNEYS FOR PLAINTIFF
FLAVA' CAP LLC**